UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| EDDIE WOOTEN | § | |
| | § | |
| v. | § | Civil Action No. 5-12CV-100-C |
| | § | |
| MCDONALD TRANSIT | § | |
| ASSOCIATES, INC. | § | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT JUDGMENT

TO THE HONORABLE COURT:

McDonald Transit Associates, Inc., Defendant in the above-entitled cause, files this Defendant's Reply Brief in Support of its Motion to Set Aside Default Judgment pursuant to Federal Rule of Civil Procedure 60(b). In support thereof, Defendant would show unto the Court the following:

## I.  ARGUMENTS AND AUTHORITIES

Rather than be burdened by having to prove his case and allowing the Defendant its day in court, Plaintiff continues to cling to a default judgment against a party that he knows was not his employer. *See* Section B, *infra.* In reviewing a motion for relief from default judgment, "courts are to consider: (1) the extent of prejudice to the plaintiff; (2) the culpability of defendant's conduct; and (3) the merits of defendant's asserted defense." *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006).  Culpability is just one factor a court should consider when deciding whether to grant relief under 60(b)(1); it is not the determinative factor. *See id.; see also Safdar v. AFW, Inc.*, 279 F.R.D. 426, 556 (S.D. Tex. 2012).

**A. The Culpability Factor Weighs in Favor of Setting Aside Default Judgment.**

Plaintiff contends that Defendant's purported failure to rebut the presumption of service, in and of itself, constitutes a failure to establish excusable neglect, and therefore, relief is not justified. Such argument is without merit. Again, culpability is just one factor a court should consider when deciding whether to grant relief under 60(b)(1); it is not the determinative factor. *See id.; see also Safdar v. AFW, Inc.*, 279 F.R.D. 426, 556 (S.D. Tex. 2012).

1. Proper Service, Alone, Does Not Justify Upholding Default Judgment.

Whether a party is properly served is not one of the factors enumerated by the Fifth Circuit as deserving of consideration when reviewing a motion to set aside default judgment pursuant to Rule 60(b)(1). *See Warfield*, 436 F.3d at 556. The mere fact that a defendant has been properly served does not, alone, translate into culpability on the part of the defendant that is sufficient to warrant denial of a Rule 60(b) motion. In analyzing the culpability factor and determining whether a defendant's failure to respond was a result of excusable neglect, a court should consider: (1) the danger of prejudice, (2) the length of delay and its impact, and (3) the reason for the delay. *Safdar v. AFW, Inc.*, 279 F.R.D. 426, 431 (S.D. Tex. 2012).

Plaintiff contends that, because it has "established" service on Defendant, culpability is established, and the Court need not consider the other Rule 60(b) factors expounded by the Fifth Circuit. *See* Plaintiff's Reply Brief at pp. 5-6 citing to *Safdar*, 279 F.R.D. at 432-433. Plaintiff's contention is misguided. First, service on Defendant has not been established. Second, Plaintiff cites to no legal authority to support that culpability can be inferred even if service is established. Finally, and perhaps most

significantly, the case on which Plaintiff relies for the aforementioned proposition is not on point. In *Safdar v. AFW*, the defendant at issue **admittedly** received summons and citation and **intentionally** did not respond to the suit, because he hoped the matter would be taken care of by the parties through an out of court resolution. *Safdar v. AFW, Inc.*, 279 F.R.D. 426, 427-434 (S.D. Tex. 2012) (**emphasis added**). In the present case, Defendant has denied receiving the summons and complaint, and Defendant did not knowingly fail to respond to this lawsuit. As soon as Defendant was aware that Plaintiff had filed suit, he retained counsel to represent its interests in this lawsuit and file an answer on its behalf. *See* Exhibit A at ¶ 4-5.

Plaintiff does not contend, in his Response Brief, that he would suffer prejudice should the default judgment be set aside. Presumably, the only adverse outcome setting aside the default judgment would have on Plaintiff is that Plaintiff will be required to litigate his claims on their merits. Merely requiring Plaintiff to litigate the merits of his claim does not constitute sufficient prejudice to deny relief from a default judgment. *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Plaintiff filed suit on or about June 22, 2012. Defendant did not respond to the suit until June 18, 2013. The reason for McDonald Transit's delayed response to the suit is simple—McDonald Transit was not aware that it had been sued by Mr. Wooten until June 11, 2013. *See* Affidavit of Robert T. Babbitt, attached hereto as Exhibit A. In his Response Brief, Plaintiff failed to identify any prejudice or adverse impact that the delay has caused him. Plaintiff merely must litigate the merits his claims against McDonald Transit.

2. Robert Babbitt's Affidavit Rebuts the Presumption of Service.

Service on a corporation is governed by Federal Rule of Civil Procedure 4(h), which provides that service of a corporation may follow the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under Texas law, an affidavit by the process server stating service was affected serves as prima facie evidence of the fact of service. Tex. R. Civ. P. 21(a). In the absence of contrary facts, a process server's affidavit creates a presumption that the defendant was properly served. However, under Rule 21(a), a party must be afforded an opportunity to offer proof that the notice or instrument was not received. Tex. R. Civ. P. 21(a). While a mere denial of receipt is insufficient to rebut this presumption, "a defendant's sworn denial of receipt of service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing..." 72 C.J.S. Process § 112.

Robert T. Babbitt executed an affidavit swearing that he was not served with citation on January 8, 2013, and that he was not aware of Mr. Wooten's suit against McDonald Transit until he learned that default judgment had been entered. *See* Exhibit A. As it is, unfortunately, Gary Thorton's word against Mr. Babbitt's regarding service of citation, the affidavits of these gentlemen should carry the same weight. In equity, there should not be a presumption that McDonald Transit was properly served on January 8, 2013.

3. Robert Babbitt's Affidavit is Evidence of Mistake, Inadvertence, Surprise, or Excusable Neglect.

In the event that the Court determines that Mr. Babbitt's affidavit is insufficient to rebut the presumption of proper service, the affidavit still serves as evidence that Defendant's failure to appear was the result of mistake, inadvertence, surprise, or

excusable neglect. Mr. Babbitt's affidavit provides prima facie proof that Defendant's failure to appear was the result of mistake or inadvertence, as Mr. Babbitt establishes the steps the corporation takes to avoid default and that such steps were not taken, because Mr. Babbitt was not aware that Defendant had been sued. He further establishes that he personally took steps to set aside this Court's judgment upon learning judgment had been entered against Defendant. These are hardly the acts of a defendant acquiescing to the claims made by the plaintiff or disregarding its legal obligations.

In evaluating whether Defendant's failure to appear was the result of mistake, inadvertence, surprise, or excusable neglect, the Court may consider the danger of prejudice, the length of delay and its impact, as well as the reason for the delay. *Safdar*, 279 F.R.D. at 431. Again, Defendant's delay in responding to this suit was caused by the fact that Defendant's registered agent, Robert Babbitt, did not learn that this suit had been filed until June 11, 2013. *See* Exhibit A at ¶4-5. Mr. Babbitt promptly took steps to have the default judgment set aside. Exhibit A at ¶5. Plaintiff failed to identify any prejudice he will face should default judgment in his favor be set aside. Merely requiring Plaintiff to litigate the merits of his claims against McDonald Transit does not constitute sufficient prejudice to justify denial of relief. *U.S. v. One Parcel of Real Prop.*, 763 F.2d at 183.

## B. Defendants Have Demonstrated A Meritorious Defense.

Defendant was not Plaintiff's employer. *See* Exhibit A. Defendant is not in a position to assert any other defenses to Plaintiff's employment-related claims, because no employment relationship existed between Defendant and Plaintiff.

1. <u>Plaintiff Cannot Maintain An ADEA Claim Against an Entity Other Than His Employer.</u>

Under the Age Discrimination in Employment Act (ADEA), a corporation cannot be held liable for discrimination unless it qualifies as an "employer" under the statute. *See* 29 U.S.C. § 623.  Had Plaintiff been required to litigate his claim against McDonald Transit for discrimination and/or retaliation under the ADEA, Plaintiff would have been required to establish that McDonald Transit committed an unlawful employment practice, as set forth in 29 U.S.C. §623.

Defendant is not required to establish, as a matter of law, its meritorious defense to Plaintiff's claims. *Owens-Illinois, Inc. v. T&N, Ltd.*, 191 F.R.D. 522, 526-527 (E.D. Tex. 2000).  Defendant is only required to demonstrate "that it has a meritorious defense such that the outcome of litigation **could** have been different if it were allowed to proceed to trial on the merits." *Id.* (**emphasis added**).  The purpose of this requirement is to "ensure that the Court's order vacating the judgment is not an exercise in futility." *Id.*  To satisfy the requirement of a meritorious defense, Defendant need only establish that "the evidence submitted, if proven at trial, would constitute a defense." *Id.*

The affidavit of Robert Babbitt, President of McDonald Transit, demonstrates that Plaintiff was not, at any time, an employee of McDonald Transit. *See* Exhibit A.  The statements regarding Plaintiff's employment contained in the aforementioned affidavit, if proven at trial, would constitute a defense to Plaintiff's ADEA claims. *See* 29 U.S.C. § 623.  As such, Defendant has demonstrated a meritorious defense to Plaintiff's claims.

2.  Plaintiff Knowingly Filed Suit Against an Entity Other than His Employer.

Plaintiff incorrectly contends that he identified McDonald Transit as his employer and Respondent in his EEOC charge, and the EEOC used the name "Citibus" to refer to Respondent when investigating the charge. *See* Plaintiff's Response at p. 10.  Plaintiff filed Charge No. 453-2012-00068 against McDonald Transit on or about November 17, 2011. *See* Exhibit B.   Plaintiff filed an amended charge on December 19, 2011, identifying his actual employer—Citibus. *See* Exhibit B.   Notice of Charge of Discrimination was served on Chris Mandrell, Director of Human Resources for City Transit Management Company, Inc. *See* Exhibit B.  The EEOC issued a Notice of Suit Rights to Plaintiff in Charge No. 453-2012-00068, as amended. *See* Exhibit B.  As such, Plaintiff was aware of his litigation rights and knowingly filed suit against an entity other than its employer.

Further, Plaintiff's retaliation claim stems from Plaintiff's original EEOC charge, which he filed in October 2010. *See* Plaintiff's Complaint at ¶11; *see also* Exhibit C. Plaintiff filed Charge No. 846-2011-07746 on or about October 15, 2010, against "Citi Bus Transit," alleging age discrimination between August 13, 2010 and November 10, 2010. *See* Exhibit C. In order to prevail on his claim of retaliation against Defendant, Plaintiff would have to show (1) that McDonald Transit was aware that he had filed Charge No. 846-2011-07746 and (2) a causal connection between his charge of discrimination and the subsequent alleged retaliation. *See Walker v. Geithner*, 400 Fed. Appx. 914, 917 (5th Cir. 2010) (plaintiff could not establish a prima facie case of retaliation, because there was no evidence that defendant was aware of his protected activity).

Plaintiff's October 2010 EEOC Charge demonstrates not only that Plaintiff knew that he was not an employee of McDonald Transit, but also that setting aside default judgment and allowing the parties to try this case on the merits would not be futile.

Should the Default Judgment entered against Defendant not be set aside, Defendant will be unfairly prejudiced. Defendant will be required to pay a judgment, to an individual who was never employed by Defendant, for claims that it never had the opportunity to defend itself against. Plaintiff failed to point to any actual prejudice he would face should the default judgment be set aside. Default Judgment should be set aside in order to afford the parties an opportunity to address the merits of Plaintiff's claims.

Respectfully submitted,

CANTEY HANGER LLP

By:
David B. Dowell
State Bar No. 06077950
Jennifer Bley Sweeny
State Bar No. 24064910
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
(817) 877-2807 - Facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the ECF System and via Certified Mail at the address listed below on July 22, 2013.

J. Craig Johnston
Johnston & Miller
2402 52nd Street, Suite 12
Lubbock, Texas 79412

Jennifer Bley Sweeny

Exhibit "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| EDDIE WOOTEN | § | |
| | § | |
| v. | § | Civil Action No. 5-12CV-100-C |
| | § | |
| MCDONALD TRANSIT ASSOCIATES, | § | |
| INC. | § | |

### AFFIDAVIT OF ROBERT T. BABBITT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

Before me, the undersigned notary, on this day personally appeared ROBERT T. BABBITT, known to me, and who, being by me first duly sworn, upon oath, deposed and stated as follows:

1.     "My name is Robert T. Babbitt. I am over the age of eighteen (18) and fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.     "I am the President of and the registered agent for McDonald Transit Associates, Inc. ("McDonald Transit").   Eddie Wooten was not and has never been an employee of McDonald Transit; he was employed by City Transit Management Company, Inc. ("Citibus"). Citibus is a separate and distinct entity from McDonald Transit.

3.     "McDonald Transit has procedural safeguards in place to ensure the effective handling of service of process. I am designated as the registered agent of McDonald Transit to receive service of process on behalf of McDonald Transit. Upon receipt, I direct Brenda Roden to send the litigation documents to the appropriate attorney with instructions for that attorney to

contact me. From there, I engage the attorney, on behalf of McDonald Transit, to represent the Company's interests in the lawsuit and file an answer on the Company's behalf.

4.      "Brenda Roden transmits the litigation documents to the appropriate attorney via email so that a record is made of when the litigation documents were sent and received and which attorney was retained to represent the Company in the litigation. Counsel then responds to the email to acknowledge receipt of the litigation documents and confirm the engagement, as well as the date on which the Company's answer is due.

5.      "I was not served with the Summons or Complaint issued by the Court in the above referenced matter on January 17, 2013. Because I was not served with the Summons or Complaint in this lawsuit, I was not able to trigger McDonald Transit's litigation response procedure. The Company has reviewed its incoming and outgoing emails, and no email was created or sent to counsel regarding Mr. Wooten's lawsuit against McDonald Transit.

6.      "Within hours of learning that Mr. Wooten had sued McDonald Transit, and that Default Judgment had been entered against McDonald Transit in this suit, I retained counsel to represent the Company's interests in this lawsuit and to file an answer on the Company's behalf."


FURTHER AFFIANT SAYETH NAUGHT

SIGNED this   22nd   day of   July   , 2013.


ROBERT T. BABBITT

SUBSCRIBED AND SWORN TO BEFORE ME, to witness my hand and seal of office,

on this __22nd__ day of __July____, 2013.



Notary Public, State of Texas

Exhibit "B"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| | |
|---|---|
| ☐ | FEPA |
| ☒ | EEOC |

453-2012-00068

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Eddie Wooten** | **(806) 224-9197** | **01-12-1956** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2407 33rd Street, Lubbock, TX 79411** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MCDONALD TRANSIT** | **201 - 500** | **(806) 712-2000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **801 Texas, Lubbock, TX 79401** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | | |
|---|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
| ☒ RETALIATION | ☒ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| | ☐ OTHER *(Specify)* | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 12-01-2010 | 05-31-2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.     Since I filed my first charge, I was subjected to harassment by Bob Rosecrans, supervisor, the day shop foreman, Chris Powers (age under 40) and the night shop foreman, David Ysinaga (age under 40) in the following ways: Bob ignores me and excludes me from being part of the team. Chris assigns me to perform menial tasks, such as clean up work and break jobs at Bob's direction, and I am not assigned Class B mechanic jobs. The other mechanics, most of who are under age 40, are assigned the Class B mechanic jobs and they are not given menial tasks to perform. David also constantly refers to me as "old fart," whenever he sees me. On or about May 1, 2011, I was forced to retire from my job of Class B Mechanic because I could no longer continue to work under adverse conditions. I was replaced by an employee under age 40.

II.     No reason given.

III.     I believe that I was discriminated against because of my age, 55, in violation of the Age Discrimination in Employment Act (ADEA) for the reasons stated above. I also believe that I was retaliated against when I was subjected to adverse actions, because I filed a previous charge of discrimination (846-2011-07746).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | *Eddie W Wooten* |
| *11/7/11*     *Eddie W Wooten* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date     Charging Party Signature | |

**U.S. Equal Employment Opportunity Commission**

| Human Resources Director<br>**MCDONALD TRANSIT**<br>**801 Texas**<br>**Lubbock, TX 79401** | PERSON FILING CHARGE<br><br>**Eddie Wooten** |
|---|---|
| | THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**453-2012-00068** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **19-DEC-11** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **09-DEC-11** to **Katherine S. Perez, ADR Coordinator, at** (210) 281-2507
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Carolyn G. Cobb,**<br>**Supervisory Investigator**<br>*EEOC Representative*<br><br>*Telephone*   **(915) 534-4504** | **El Paso Area Office**<br>**300 E. Main Suite 500**<br>**El Paso, TX 79901**<br>**Fax: (915) 534-6701** |
|---|---|

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [X] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date<br><br>Nov 17, 2011 | Name / Title of Authorized Official<br><br>**Jeffrey H. Zelmanow,**<br>**Area Office Director** | Signature<br><br>*Jeffrey Zelmanow* |
|---|---|---|

*Enclosure with EEOC Form 131*



We go wherever life takes you ➤

From the desk of
Chris Mandrell
Director of Human Resources

P.O. Box 2000, Lubbock, Tx 79457
801 Texas Ave., Lubbock, Tx 79401
806. 712. 2002
cmandrell@citibus.com

www.citibus.com

November 23, 2011

Cathy Blanco
EEOC El Paso Area Office
300 E. Main Suite 500
El Paso, TX 79901

RE: Charge Number 453-2012-0068

Dear Ms Blanco:

After receiving and reviewing the EEOC charge from claimant Eddie Wooten, he is charging McDonald Transit as the employer. However, Mr. Wooten was never an employee of McDonald Transit. His only employment was with City Transit Management Company, Inc. d/b/a Citibus.

Please advise on how we are to proceed with this claim. Your assistance is greatly appreciated.

Sincerely,

Chris Mandrell
Director of Human Resources



A McDonald Transit Associates, Inc. Contract Operator

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**El Paso Area Office**

300 E. Main Dr., Suite 500
El Paso, TX 79901-1331
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (915) 534-6710
FAX (915) 534-6701
http://www.eeoc.gov

Dallas District Office
  San Antonio Field Office
  El Paso Area Office

December 15, 2011

Chris Mandrell
Director of Human Resources
CITIBUS
801 Texas Ave.
Lubbock, TX 79401

RE:  Charge No. 453-2012-00068
     Charging Party:  Eddie Wooten

Dear Mr. Mandrell:

Charging Party and his attorney have requested that we amend the charge listed above to name the correct employer, CITIBUS, on the face of the charge.  As soon as I receive the signed AMEMDED Charge from Charging Party, I will send you a new due date for your response to the AMENDED Charge.  Thank you for your cooperation in this matter.

Sincerely,

*Cathy Blanco*

Cathy Blanco
Investigator
(915) 534-4527

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | AMENDED |
| ☒ EEOC | 453-2012-00068 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Eddie Wooten | (806) 224-9197 | 01-12-1956 |

Street Address: **2407 33rd Street, Lubbock, TX 79411**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITIBUS | 201 - 500 | (806) 712-2000 |

Street Address: **801 Texas,  Lubbock, TX 79401**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-01-2010**  Latest **05-31-2011**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Since I filed my first charge, I was subjected to harassment by Bob Rosecrans, supervisor, the day shop foreman, Chris Powers (age under 40) and the night shop foreman, David Ysinaga (age under 40) in the following ways: Bob ignores me and excludes me from being part of the team. Chris assigns me to perform menial tasks, such as clean up work and break jobs at Bob's direction, and I am not assigned Class B mechanic jobs. The other mechanics, most of who are under age 40, are assigned the Class B mechanic jobs and they are not given menial tasks to perform. David also constantly refers to me as "old fart," whenever he sees me. On or about May 1, 2011, I was forced to retire from my job of Class B Mechanic because I could no longer continue to work under adverse conditions. I was replaced by an employee under age 40.

II. No reason given.

III. I believe that I was discriminated against because of my age, 55, in violation of the Age Discrimination in Employment Act (ADEA) for the reasons stated above. I also believe that I was retaliated against when I was subjected to adverse actions, because I filed a previous charge of discrimination (846-2011-07746).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/19/11  *Eddie Wooten*
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT *Eddie Wooten*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Chris Mandrell<br>Director of Human Resources<br>City Transit Mgt.Co., Inc. dba Citibus<br>P. O. Box 2000<br>Lubbock, TX 79457 | **Eddie Wooten** |

| THIS PERSON *(check one or both)* |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**453-2012-00068**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Cathy Blanco,**<br>**Investigator** | **El Paso Area Office**<br>**300 E. Main Suite 500**<br>**El Paso, TX 79901**<br>**Fax: (915) 534-6701** |
|---|---|
| *EEOC Representative* | |
| *Telephone*   **(915) 534-4527** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [X] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination. PLEASE NOTE: CHARGING PARTY AMENDED HIS CHARGE TO CORRECT RESPONDENT.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| JAN 19 2012 | **Jeffrey H. Zelmanow,**<br>**Area Office Director** | *Cathy Blanco for* |

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Eddie Wooten<br>8460 Longhorn Drive<br>Justin, TX 76247 | From: | El Paso Area Office<br>300 E. Main Suite 500<br><br>El Paso, TX 79901 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2012-00068 | Cathy Blanco,<br>Investigator | (915) 534-4527 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_Cathy Blanco_  _for_                    March 27, 2012

Jeffrey H. Zelmanow,
Area Office Director                              (Date Mailed)

cc:
Chris Mandrell
Director of Human Resources
CITIBUS
P. O. Box 2000
Lubbock, TX 79457

Craig Johnston
2402  52nd St., Suite 12

Lubbock, TX 79412

Exhibit "C"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2011-07748 |

| Texas Workforce Commission Civil Rights Division | | and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>**Mr. Eddie Wooten** | Home Phone (Incl. Area Code)<br>**(806) 224-9197** | Date of Birth<br>**01-12-1956** |
|---|---|---|

| Street Address                     City, State and ZIP Code |
|---|
| **2407 33rd Street, Lubbock, TX 79411** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**CITI BUS TRANSIT** | No. Employees, Members<br>**101 - 200** | Phone No. (Include Area Code)<br>**(806) 712-2000** |
|---|---|---|

| Street Address                     City, State and ZIP Code |
|---|
| **801 Texas Ave, Lubbock, TX 79401** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address                     City, State and ZIP Code |
|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **08-13-2010**   Latest **11-10-2010**<br><br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or around August 13, 2010, I was demoted from my position as a Shop Foreman; in which I was getting paid $21.50 an hour, to a Mechanic position making $19.50 an hour, by Shop Superintendant Bob RosenCranse.

II. The reason that he gave me was because I did not upload some pictures to a computer. He told me that I had to quit or be demoted with a cut in pay because of this incident. I complained to Human Resources and Bob and I had a meeting with Human Resources Representative Julie Rowden on September 17, 2010. At that meeting, Bob said that he had demoted me because I was not a team player and I was not doing my job. However, I have been employed with the Respondent for over 10 years and have had excellent evaluations. Furthermore, I was replaced by an employee outside my protected age group by the name of Dave Burrows. *DAVE BURROWS*

III. I believe I have been discriminated against because of my age, 54, in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *10/15/10*   *Eddie Wooten* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐ Human Resources Director<br>**CITI BUS TRANSIT**<br>**801 Texas Ave**<br>**Lubbock, TX 79401** ⌐ | **Eddie Wooten** |
| | THIS PERSON *(check one or both)* |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**846-2011-07746** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)     [ ] The Equal Pay Act (EPA)     [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)     [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **20-DEC-10** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **20-DEC-10** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **09-DEC-10** to **Katherine S. Perez, ADR Coordinator, at (210) 281-2507**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Carolyn G. Cobb,**
**Supervisory Investigator**
_____
*EEOC Representative*

*Telephone* **(915) 534-4504**

**El Paso Area Office**
**300 E. Main Suite 500**
**El Paso, TX 79901**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [X] Age  [ ] Disability  [ ] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **November 19, 2010** | **Carolyn G. Cobb,**<br>**Acting Director** | *Carolyn Cobb* |