IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| EDDIE WOOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| McDONALD TRANSIT ASSOCIATES, INC., | ) ) |
| | ) |
| Defendant. | )   Civil Action No. 5:12-CV-100-C |

## ORDER

On this date, the Court considered:

(1)   Defendant's Motion to Set Aside Default Judgment, filed June 18, 2013; and

(2)   Plaintiff's Response, filed July 9, 2013.[1]

### I. BACKGROUND

Plaintiff, Eddie Wooten, filed this suit against Defendant, McDonald Transit Associates, Inc., and summons was issued the same day. Weeks later, the summons was returned along with an affidavit of service indicating that service was executed on Defendant's registered agent, Robert T. Babbitt, via certified, return receipt mail; however, the return receipt shows that it was actually served on and signed by Brenda Roden.

Thereafter, the clerk made an entry of default, and Plaintiff filed a motion for default judgment. The Court held a hearing on the motion but did not consider it on the merits. It

---

[1] The Court did not consider Defendant's Reply because it was filed without leave of court. *See* Judge Specific Requirements for District Judge Sam R. Cummings, ¶ II.B, available at http://www.txnd.uscourts.gov/judges/scummings_req.html.

instead raised the issue of whether Plaintiff had made proper service. Summons was reissued, affidavit of service was filed, and Plaintiff requested an entry of default when Defendant failed to answer or otherwise defend against the charges. The clerk entered default against Defendant, and Plaintiff again moved for default judgment. The Court heard Plaintiff's motion and entered judgment in his favor.

The above facts are undisputed; however, the parties offer diametrically opposed versions of Plaintiff's attempt to effect service. Plaintiff provides the affidavit of Gary Thornton,[2] the process server he hired to serve Defendant. Thornton testified that he went to Defendant's office and told the receptionist that he needed to see Robert T. Babbitt to deliver legal papers. The receptionist produced someone to Thornton who acknowledged that he was Babbitt. Thornton then served the summons and a copy of the complaint on this person.

Defendant, on the other hand, provides Babbitt's affidavit, through which he testifies that he was never served with the summons and complaint. He also avers that he retained counsel to file the instant motion within days of being made aware of the Court's entry of judgment.

## II. STANDARD

Federal Rule of Civil Procedure 60(b) allows parties to seek relief from a final judgment by moving a court to set aside the judgment and reopen the case. *See United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260, 269 (2010). A motion for relief from judgment is allowed only in limited circumstances and should not be used as a substitute for a timely appeal. *Id.* at 270. The need for order and predictability of a judicial process requires courts to exercise caution before

---

[2]Thornton's averments in his affidavit of service are consistent with his affidavit appended to Plaintiff's response.

2

reopening a case. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993). Rule 60(b) attempts to strike a balance between two conflicting interests, the finality of judgments and the need to do justice. *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986).

### III. DISCUSSION

Defendant invokes four of the six grounds for relief under Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (6) any other reason that justifies relief. Its primary contention is that the default judgment should be set aside because Plaintiff did not effect service on Babbitt, its registered agent; as such, its default was not intentional because it did not have notice of the suit, and the judgment is void because the Court did not have personal jurisdiction over Defendant in light of Plaintiff's failure to effect proper service. Defendant's contention is without merit because service was not improper.

Under Federal Rule of Civil Procedure 4(h), a party may effect service on a corporation in the same manner prescribed in Rule 4(e)(1), which provides that service may be had by following the law of the state in which the district court is located. According to Plaintiff's affidavit of service, Thornton personally served Babbitt, Defendant's registered agent, with a copy of the summons and complaint, in compliance with Texas law governing service. *See* Tex. R. Civ. P. 103, 106, 107.

Under Texas law, the return of service is prima facie evidence of the facts recited therein. *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the

moving party."³ *Id.* In the instant motion, Defendant contends that it was not properly served and in support offers only Babbitt's conclusory averment that he "was not served with the Summons or Complaint." (Def.'s Ex. A, 1.) Defendant's uncorroborated proof cannot rebut the facts in Plaintiff's return of service.⁴ Because Plaintiff's service on Defendant was valid and the Court had personal jurisdiction over Defendant when it entered the default judgment, the judgment is not void. Therefore, Defendant's argument under Rule 60(b)(4) is without merit.

When considering Rule 60(b)(1), courts look to the following factors: (a) the extent of prejudice to plaintiff, (b) the culpability of the defendant's conduct, and (c) the merits of the defendant's asserted defenses. *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006). Turning first to the culpability of its conduct, Defendant contends that it did not knowingly or intentionally fail to answer the complaint because it was not properly served. As the Court held above, Plaintiff's service on Defendant through its registered agent, Babbitt, was proper. Moreover, Plaintiff cites evidence that Brenda Roden, whose signature appears on the return receipt Plaintiff filed in support of his initial attempt to serve Defendant, is one of Defendant's

---

³Although it did not consider Defendant's reply, the Court notes that Defendant cites 72 C.J.S. Process § 112 for the proposition that "a defendant's sworn denial of receipt of service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." First, the treatise Defendant cites quotes *Old Republic Ins. Co. v. Pacific Fin. Servs.*, 301 F.3d 54 (2d Cir. 2002), a Second Circuit case that in turn cites New York state law, *id.* at 57, which is not binding on this Court. Moreover, the next sentence in *Old Republic* reads: "But no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Id.* at 58 (quoting *Simonds v. Grobman*, 277 A.D.2d 369, 370 (N.Y. App. Div. 2000)). Even considering the law Defendant cites, no hearing is required because Babbitt's affidavit does not contain specific facts to rebut the statements in Thornton's affidavit.

⁴It is not difficult to imagine potentially corroborating evidence to support Babbitt's averment. For example, Defendant could have supplied an affidavit of the receptionist Thornton references through which she denies Thornton's version of the facts.

vice presidents.[5] Defendant does not deny that Roden is a vice president of the company or that she received service in this case. Therefore, both Defendant's president and registered agent and its vice president received actual notice of this suit. As such, the Court must draw the obvious conclusion that Defendant knowingly and intentionally failed to answer or otherwise defend against the complaint.

Next, Defendant contends that it has meritorious defenses to Plaintiff's action, specifically that it was not Plaintiff's employer, that Plaintiff was not issued a right-to-sue letter permitting him to seek judicial redress against Defendant, and that Plaintiff failed to file suit within 90 days of the issuance of the right-to-sue letter. The record is far from conclusive as to whether Defendant was Plaintiff's employer. Defendant cites a letter from a third party to the EEOC stating that Defendant was not Plaintiff's employer, and, apparently in response to the letter, the EEOC substituted "Citibus" for Defendant's name on Plaintiff's charge. However, Plaintiff's evidence demonstrates that he named Defendant in his initial EEOC charge and that Defendant operates and manages Citibus. Therefore, Plaintiff apparently intended to charge Defendant as his employer, and the record does not clearly indicate that Defendant was not Plaintiff's employer. Moreover, Defendant waived this challenge, as well as the argument that Plaintiff did not timely file suit, by not answering or otherwise defending against this action after receiving service. In any event, whatever meritorious defenses Defendant may assert do not outweigh the culpability of its conduct by intentionally and willfully failing to take action in this case before the Court's entry of default judgment.

---

[5]This information was unknown when the Court heard Plaintiff's first motion for default judgment.

Additionally, since the Court found Defendant to be culpable in its default, it need not reach the issue of prejudice to Plaintiff. *See Safdar v. AFW, Inc.*, 279 F.R.D. 426, 432-33 (S.D. Tex. 2012) (citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 938-39 (5th Cir. 1999); *Levitt-Stein v. Citigroup, Inc.*, 284 F. App. 114, 116 n.2 (5th Cir. 2008) (noting that it did not need to address prejudice or merits because the movant failed to show excusable neglect)). However, even considering any absence of prejudice to Plaintiff, the Court is of the opinion that this factor is outweighed by the culpability of Defendant's conduct. Therefore, Defendant's argument under Rule 60(b)(1) is without merit.

Defendant next contends that, under Rule 60(b)(3), the Court should set aside the default judgment because it was procured through Plaintiff's fraud, misrepresentation, or misconduct. Specifically, Defendant argues that Plaintiff's process sever, Thornton, did not actually serve Babbitt and that Plaintiff knowingly filed suit against the wrong party. These arguments have been addressed above. Again, Thornton's service on Babbitt was proper, and Defendant cannot clearly demonstrate that it was not a proper party. Therefore, Defendant's argument under Rule 60(b)(3) is without merit.

Finally, Defendant contends that, under Rule 60(b)(6), the Court should set aside the default judgment because it retained counsel and filed the instant motion within days of learning that Plaintiff had taken the judgment. While Defendant did act expeditiously to have the judgment set aside, the need to do so would have been obviated had Defendant simply answered or otherwise defended against Plaintiff's claims. Again, Defendant's vice president had actual notice of this action as early as July 5, 2012, eleven months before the Court entered the judgment. And Defendant is unable to rebut Plaintiff's evidence that Defendant's president and

registered agent was personally served in this matter on January 15, 2013, over four and a half months before the Court entered the judgment. This demonstration of intentional and willful neglect is inexcusable, and Defendant's prompt action after receiving notice of the Court's entry of judgment is no cure. Therefore, Defendant's argument under Rule 60(b)(6) is without merit.

### IV. CONCLUSION

Of all the reasons stated above, the most compelling is Defendant's culpability in failing to answer or otherwise defend against Plaintiff's claims after receiving notice thereof. To take a wait-and-see approach after being served and then to lodge a defense only after final judgment has been entered does ill service to the legal system. A motion for relief from judgment should not be used as a substitute for a timely appeal, *United Student Aid Funds*, 559 U.S. at 270, and "final judgments should not lightly be disturbed." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Denial of Defendant's motion serves these ends. It is for these reasons that Defendant's Motion to Set Aside Default Judgment is **DENIED**.

SO ORDERED.

Dated this 22 day of August, 2013.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE